UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JOHN H. GERMERAAD,

    Trustee-Appellant,

v.

DAVID POWELL,

    Appellee.

Case No. 14-CV-3129

## OPINION

This is an appeal from an Order entered by the United States Bankruptcy Court for the Central District of Illinois, in Bankruptcy Case No. 11-72448, brought pursuant to 28 U.S.C. § 158(a). Following this court's careful review, this court reverses the Order of the Bankruptcy Court.

FACTS

The facts are not disputed. The Debtor, David Powell, filed his Chapter 13 bankruptcy case on September 20, 2011. An order confirming his Amended Chapter 13 plan was entered on July 26, 2012. On June 17, 2013, the Chapter 13 Trustee, John H. Germeraad, moved to modify the Debtor's plan to increase the distribution to general unsecured creditors. The Trustee stated in his motion that the Debtor listed his monthly wages on his B22C as $7,107.52 per month, which is $85,290.24 per year. The Trustee stated that the Debtor's 2011 federal tax return listed wage income of $84,720, which is close to the $85,290 listed on his B22C. The Debtor's 2012 federal tax return listed wage income as $117,432. The Trustee stated that the increase in listed wages on the tax

return for 2012 over the 2011 tax return is $32,712. The one-year increase in 2012 income over listed B22C income was $32,142. The Trustee included calculations and stated that the Debtor's after tax income had increased by $1,747.00 per month. The Trustee stated that he proposed to amend the plan by having the Debtor increase his monthly payment by just 25% of the monthly increase. The Trustee proposed increasing the monthly payment by $436.75 per month for the last 15 months of the Debtor's 36 month plan. The higher payment would begin in July 2013 and continue through September 2014. The monthly payment would go from the $483 per month required by the plan to $919.75 per month. The Trustee stated that, as a result of the proposed increased payments, the unsecured creditors who have approved claims of $34,610.63 would receive a total of $16,485.78 (or 47.6325% of their claims) instead of the present projection of $10,589.65 (or 30.5965% of their claims).

The Debtor objected to the modification, claiming that he was not legally obligated to modify the Amended Plan as requested. The parties subsequently filed an Agreed Stipulation. The Stipulation stated that the Trustee and Attorney for the Debtor stipulated to the following:

1. The Debtor's income has so substantially increased since plan confirmation that modification is warranted if there is legal authority for increasing payments as a result of increased income.

2. The Debtor can afford to make the increased payments

proposed by the Trustee.

3. The Trustee and Debtor's counsel have agreed that if the Court finds that there is authority for the modification, an Agreed Order would be reached wherein the plan would be extended and payments would be slightly lower than proposed.

4. The parties agree that as a result of this stipulation, an evidentiary hearing is no longer necessary.

On March 28, 2014, United States Bankruptcy Judge Mary P. Gorman entered an Opinion and denied the Trustee's motion to modify the Debtor's plan.[1] Judge Gorman determined that there was no statutory authority for allowing the modification requested by the Trustee. Judge Gorman also found no factual basis for the relief requested, stating that the "sketchy facts presented here do not support the requested plan modification or an exercise of this Court's discretion to compel modification over objection."

On April 2, 2014, the Trustee filed a Notice of Appeal. On May 1, 2014, the Appeal was docketed and assigned to this court. The Trustee filed his Brief (#2) on May 13, 2014. The Trustee argued that the bankruptcy court: (1) erred when it found that it

---

[1] Judge Gorman's Opinion decided the motion to modify in the Debtor's case and also in Case No. 10-71700 involving the Chapter 13 bankruptcy of Debtors Myrick James Powers and Elvie Owens-Powers. The Trustee has appealed the decision in that case in Case No. 14-cv-3128, which has been assigned to United States District Judge Sue E. Myerscough. That bankruptcy appeal remains pending.

3

lacked legal authority to grant modification of a plan that seeks to increase the dividend to general unsecured creditors based on increased income; (2) clearly erred when it found that the only evidence presented by the Trustee in support of his motion was a stipulation that the Debtor could afford the increased payment if ordered to do so; and (3) abused its discretion when it denied the Trustee's motion to modify the Debtor's Chapter 13 plan. The Trustee asked this court to reverse the bankruptcy court's decision, grant the Trustee's motion to modify the Debtor's Chapter 13 plan, and give the Debtor and the Trustee 14 days to enter an Agreed Order modifying the plan pursuant to the parties' Stipulation.

The Debtor filed his Response Brief (#3) on June 6, 2014. The Debtor conceded that the Trustee correctly pointed out that the case law has traditionally allowed motions to modify to increase plan payments when there has been an increase in income. The Debtor then argued that, while the Trustee cited a great number of cases that support the notion that increased income can be a basis for modification by the Trustee, none of the cited cases specifically addressed the interpretation of the bankruptcy court in this case and rejected it. The Debtor also argued that the bankruptcy court did not err in its factual findings, arguing that the facts do not support modification because the Trustee does not have that authority. The Debtor also argued that the bankruptcy court did not abuse its discretion by denying the Trustee's motion. In addition, the Debtor stated that a great deal of time has gone by since the Stipulation was entered as to the Debtor's ability to afford the increased payment, so that "if this

4

Court granted the relief sought by the Trustee it might prove difficult for an agreed order to be reached under terms of a Stipulation that was based on facts that may have changed." The Debtor argued that, if this court reverses the bankruptcy court, this court should return the question of disposable income to the bankruptcy court with instructions to make a new finding of fact as to the Debtor's income.

The Trustee filed a Reply Brief (#4) on June 12, 2014, and fully responded to the Debtor's arguments. In response to the Debtor's argument that the case should be returned to the bankruptcy court for a new determination of the facts, the Trustee argued that the Debtor waived his right to dispute the motion on the facts by entering into an agreed and binding Stipulation. The Trustee also pointed out that the Debtor had indicated an unwillingness to enter into an Agreed Order as contemplated by the Stipulation. The Trustee argued that the motion to modify should be granted and the Trustee should be permitted to enter an order that increases the distribution to general unsecured creditors to the amount requested, but extending the plan to the maximum period allowed of 60 months. The Trustee argued that this would result in the Debtor having the lowest possible payment to reach the requested dividend without violating the Bankruptcy Code's limitation on plan length.

ANALYSIS

I. STANDARD OF REVIEW

When a party appeals a bankruptcy court's order, the bankruptcy court's conclusions of law are reviewed under a de novo standard and its findings of fact are

reviewed for clear error. *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008). A decision regarding a motion to modify a Chapter 13 plan is reviewed under an abuse of discretion standard. *Matter of Witkowski*, 16 F.3d 739, 746 (7th Cir. 1994).

## II. MOTION TO MODIFY

Chapter 13 bankruptcy "adjusts debts of 'an individual with regular income.'" *Witkowski*, 16 F.3d at 740, *quoting* 11 U.S.C. § 109(e). In contrast to a Chapter 7 bankruptcy, which requires liquidation, Chapter 13 "allows a debtor to keep his assets, but he must use his future income to pay his creditors." *Id., quoting Matter of Smith*, 848 F.2d 813, 814 (7th Cir. 1988); *see also Hamilton v. Lanning*, 560 U.S. 505, 508 (2010). Chapter 13 requires the confirmation of a Chapter 13 plan which sets out the amount the debtor must pay each month for distributions to secured creditors and to unsecured creditors whose claims have been allowed. *See Lanning*, 560 U.S. at 508. Section 1325(b)(1) of the Bankruptcy Code provides:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan---
>
> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the

plan will be applied to make payments to unsecured creditors under

the plan.

11 U.S.C. § 1325(b)(1). In other words, if the trustee or the holder of an unsecured claim objects at the time of confirmation, "the projected disposable income test [of § 1325(b)] requires that a plan provide for a debtor to commit all of [his] disposable income during the 'applicable commitment period' to the payment of unsecured creditors, unless the plan provides for the payment of the allowed amount of all unsecured claims." *In re McAllister*, 510 B.R. 409, 417 (N.D. Ga. 2014). Section 1325(b)(2) defines "disposable income" as "current monthly income" received by the debtor, less certain exclusions, less amounts "reasonably necessary to be expended" for specific purposes, including the maintenance or support of the debtor or a dependent of the debtor. 11 U.S.C. § 1325(b)(2). "[C]urrent monthly income," as defined following the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), is determined by reference to "the average monthly income from all sources that the debtor receives . . . , derived during the 6-month period" preceding the filing of the petition. 11 U.S.C. § 101(10A). Section 1325(b)(4) defines the "applicable commitment period," which is a period between three to five years. 11 U.S.C. § 1325(b)(4).

Section 1329 of the Bankruptcy Code controls modifications of confirmed plans. *Witkowski*, 16 F.3d at 742. Section 1329 provides, in pertinent part:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified,

7

> upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
>
> > (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> >
> > (2) extend or reduce the time for such payments;
> >
> > (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
> >
> > (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance . . . .
> >
> > (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of Section 1325(a) of this title apply to any modification under subsection (a) of this section.
>
> 11 U.S.C. § 1329.

In *Witkowski*, the Seventh Circuit held that, "according to the terms of § 1329, the debtor, the trustee or an unsecured claimholder has *an absolute right* to request modification of the plan between confirmation of the plan and completion of the plan payments." *Witkowski*, 16 F.3d at 742 (emphasis added). The court further stated that "§ 1329 allows the trustee to do exactly what he did in this situation—increase the amount of payments on claims of a particular class." *Id.* The court in *Witkowski* rejected the debtor's arguments against the trustee's modification, finding that §1329 does not

require any threshold requirement of a change in circumstances and that modification is not barred by *res judicata*. *Id.* at 742-46. The court stated that "the statutory framework of the Bankruptcy Code plainly assumes the possibility of modifications of bankruptcy plans after they are confirmed." *Id.* at 745. The court stated that "[i[f the drafters of the Bankruptcy Code intended for a confirmation hearing to have res judicata effect, there would be little or no reason for Section 1329." *Id.* at 745, *quoting In re Williams*, 108 B.R. 119, 123 (Bankr. N.D. Miss. 1989). The court went on to affirm the bankruptcy court's modification of the Chapter 13 plan, stating that avoiding an additional windfall to the debtor constituted sufficient cause for the modification. *Id.* at 748.

Many other courts have also found that a modification to increase payments to unsecured creditors was appropriate under § 1329. *See In re Morris*, 2011 WL 7145880, at *8 (9th Cir. B.A.P. 2011); *In re Murphy*, 474 F.3d 143, 154 (4th Cir. 2007); *Barbosa v. Solomon*, 235 F.3d 31, 40-41 (1st Cir. 2000); *In re Than*, 215 B.R. 430, 436 (9th Cir. B.A.P 1997); *Powers v. Savage*, 202 B.R. 618, 622-23 (9th Cir. B.A.P. 1996); *In re Arnold*, 869 F.2d 240, 242-44 (4th Cir. 1989); *In re Swain*, 509 B.R. 22, 33-35 (Bankr. E.D. Va. 2014); *In re Veal*, 2011 WL 5240291, at *4 (Bankr. N.D. Ill. 2011); *In re Vandyne*, 2011 WL 3664551, at *4 (Bankr. N.D. Ohio 2011); *In re Prieto*, 2010 WL 3959610, at *5 (Bankr. M.D. Fla 2010); *In re Hall*, 442 B.R. 754, 761-63 (Bankr. D. Idaho 2010); *In re Self*, 2009 WL 2969489, at *11 (Bankr. D. Kan. 2009): *In re Midgley*, 413 B.R. 820, 822-26 (Bankr. D. Or. 2009); *In re Knighton*, 2008 WL 5644891, at *2-3 (Bankr. N.D. Ill. 2008); *In re Wetzel*, 381 B.R. 247, 254-56 (Bankr. E.D. Wis. 2008); *In re Brown*, 332 B.R. 562, 566-67 (Bankr. N.D. Ill. 2005); *In re Koonce*, 54 B.R.

643, 645 (Bankr. D.S.C. 1985); *see also Pliler v. Stearns*, 747 F.3d 260, 266 (4th Cir. 2014) ("Section 1329 modification may be used to increase plan payment to creditors in the event that the debtors come into additional, unforeseen income); *Carroll v. Logan*, 735 F.3d 147, 151 (4th Cir. 2013) (recognizing that a repayment plan remains subject to modification for reasons including the debtor's increased ability to pay because "[w]hen a [Chapter 13] debtor's financial fortunes improve, the creditors should share some of the wealth"); *In re Flores*, 735 F.3d 855, 861-62 (9th Cir. 2013) (noting that, based on the Supreme Court's decision in *Lanning*, the "statute is meant to allow creditors to receive increased payment from debtors whose earnings happen to increase"). The basis for allowing these modifications is the debtor's ability to pay. *McAllister*, 510 B.R. at 425-26; *see also Witkowski*, 16 F.3d at 748.

Section 1329(b)(1) specifies that the requirements of § 1325(a) apply to a modification. 11 U.S.C. § 1329(b)(1). Therefore, a determination that a Chapter 13 plan should be modified requires the court to "apply standards of good faith, best interest of creditors and feasibility pursuant to 11 U.S.C. § 1325(a)(3), (4) and (6)." *Swain*, 509 B.R. at 34. Section 1329(b)(1) does not state that § 1325(b) applies. *McAllister*, 510 B.R. at 417. Courts have disagreed as to whether the projected disposable income test of § 1325(b) applies in the context of a § 1329 post-confirmation modification. *McAllister*, 510 B.R. at 417. The bankruptcy court in *McAllister*, in a very clearly worded and well-supported opinion, described the conflict as follows:

> One view is that the omission of § 1325(b) from the list of applicable

10

sections means that the projected disposable income test is not applicable to a modification. The opposite interpretation is that § 1325(b) applies because § 1325(a)(1)'s requirement that a plan comply with the provisions of chapter 13—which does apply to a modification—necessarily incorporates the requirements of the projected disposable income test of § 1325(b).

*McAllister*, 510 B.R. at 417-18 (footnotes listing cases omitted).

The bankruptcy court in *McAllister* determined that this statutory interpretation debate is interesting, but was not dispositive of the modification issue before the court. *Id.* at 418. The court stated that the issue had more relevance prior to the enactment of BAPCPA, which changed the operation of the projected disposable income test and, among other things, tied its definition to a new statutory definition of "current monthly income." *Id.* at 418. The court explained that, prior to BAPCPA, the statute defined "disposable income" simply as "income which is received by the debtor and which is not reasonably necessary to be expended" for specific purposes, including the maintenance and support of the debtor and the debtor's dependents. *McAllister*, 510 B.R. at 418, *citing* former 11 U.S.C. § 1325(b)(2). Therefore, a debtor's receipt of a post-confirmation asset could be determined to be "disposable income" within the statutory definition. *Id.* at 418. Following the enactment of BAPCPA, however, "a debtor's receipt of a postconfirmation asset cannot possibly be 'disposable income' under its statutory definition because the debtor did not receive it during the six months

11

preceding the filing of the [Chapter 13] petition." *Id.* at 418. Therefore, even if the disposable income test applies to modification, it has little relevance to the issue. *See Id.* at 418.

The court in *McAllister* explained that "[i]n the modification context, the applicable statute is § 1329, the modification statute that authorizes an increase in payments to creditors based on the debtor's ability to pay without regard to the source of that ability." *Id.* at 425. The court then stated that "[t]he BAPCPA amendments to the projected disposable income test do not affect this analysis of § 1329." *Id.* at 426. The "BAPCPA amendments did not change either the fundamental rule of § 1329 that postconfirmation modification is permissible to increase payments based on the debtor's ability to pay or the principle in the pre-BAPCPA cases that a chapter 13 standard for determining the debtor's ability to pay may require the debtor to use proceeds from an exempt asset to pay claims in accordance with the debtor's ability to pay." *Id.* at 426.

The United States Supreme Court has recognized that the core purpose of the BAPCPA is "ensuring that debtors devote their full disposable income to repaying creditors." *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 131 S. Ct. 716, 729 (2011). The Court noted that "an unsecured creditor may move to modify the plan to increase the amount the debtor must repay." *Ransom*, 131 S. Ct. at 729 ; *see also Pliler v. Stearns*, 747 F.3d 260, 265 (4th Cir. 2014) (noting that the heart of the pertinent consumer bankruptcy reforms "is intended to ensure that debtors repay creditors the maximum they can

12

afford" (citations omitted)).

In her Opinion, Judge Gorman recognized that the Trustee's motion seeking an increase in payments to the class of unsecured creditors is of the type allowed by § 1329. Judge Gorman also cited *Witkowski* and *Ransom*. However, she concluded that § 1325(b) did not apply to § 1329 and could not, therefore, "provide substantive authority for modifying a confirmed plan to reset disposable income." Judge Gorman then stated that "the only purpose" of the Trustee's motion to modify was "to reset disposable income and require increased payments to unsecured creditors." She then determined that, because § 1325(b) did not apply and there was no statutory support for resetting disposable income after confirmation, the Trustee did not have authority to bring the motion to modify.

It is true, as recognized by Judge Gorman and by the bankruptcy court in *McAllister*, that other courts have determined that § 1325(b) does not apply to § 1329. For example, in *Prieto*, a case cited by Judge Gorman, the court concluded that "[b]y its terms, § 1329 does not incorporate § 1325(b) of the Bankruptcy Code." *In re Prieto*, 2010 WL 3959610, at *2 (Bankr. M.D. Fla. 2010). However, in a well-reasoned and well-supported Order, the court then found that, although § 1325(b) did not apply, modification was warranted under § 1329 because of the debtors' increased income.[2]

---

[2] This court agrees with the Trustee that the cases cited by Judge Gorman for the proposition that the disposable income provision of § 1325(b) does not apply to plan modifications under § 1329 do not support her conclusion that there is thus no statutory support for modifying the Chapter 13 plan based upon increased income. This court agrees that, while the decision in *In re Salpietro*, 492 B.R. 630 (Bankr. E.D.N.Y. 2013),

13

The court in *Pietro* stated that "[t]he policy underlying § 1329 is to 'allow upward or downward adjustment of plan payments in response to changes in a debtor's circumstances which substantially affect the ability to make future payments.'" *Id.* at *2, quoting In re Wetzel*, 381 B.R. 247, 251 (Bankr. E.D. Wis. 2008). The court stated that, instead of applying § 1325(b), a modified plan "should satisfy the general requirements for confirmation," including "the good faith requirement," the "'best interests of creditors' test," and "the feasibility test." *Id.* at *2. The court stated:

> For purposes of evaluating a modified plan, therefore, the debtor's income and expenses are not calculated according to the method provided by § 1325(b) and § 707(b)(2) of the Bankruptcy Code. Instead, the debtor's actual income and expenses at the time of the proposed modification are used to determine whether the payments should be adjusted.

*Id.* at *2. The court stated that "the court could then look at the debtor's *actual* ability to pay." *Id.* at *3 (emphasis in original), *citing In re Kalata*, 2008 WL 552856, at *6 (Bankr. E.D. Wis. 2008). The court stated that "evaluating a debtor's actual, post-confirmation income and expenses is generally regarded as consistent with the requirements of §

---

seems to support Judge Gorman's conclusion, it is not persuasive authority. Most importantly, the case determined that the disposable income analysis conducted at the time of confirmation of the plan should be "afforded some finality and should not be disturbed solely on the basis of flutuations in a debtor's expenses." *Salpietro*, 492 B.R. at 638. This conclusion was rejected by the Seventh Circuit in *Witkowski*. *Witkowski*, 16 F.3d at 745 ("the statutory framework of the of the Bankruptcy Code plainly assumes the possibility of modifications of bankruptcy plans after they are confirmed").

1325(a), which is expressly applicable to modifications under § 1329(b)(1). *Id.* at *3. The court also stated that "[c]onfirming a modified plan that reflects a significant increase in available income and a commensurately increased payout to unsecured creditors comports with th[e] good faith requirement [of § 1325(a)(3)]." *Id.* at *3, *quoting In re Arnold*, 869 F.2d 240, 242 (4th Cir. 1989). The court cited *Arnold* for the proposition that "[c]ertainly, Congress did not intend for debtors who experience substantially improved financial conditions after confirmation to avoid paying more to their creditors." *Id.* at *3, *quoting Arnold*, 869 F.2d at 242. The court stated that "[a]lthough the disposable income test does not explicitly apply, courts have recognized that the 'debtor's changed income and expenses are factored into the bankruptcy court's good judgment and discretion.'" *Id.* at *3, *quoting Wetzel*, 381 B.R. at 252. The court noted that the United States Supreme Court's ruling in *Lanning* "evidences the intent under Chapter 13 to determine a debtor's actual income and expenses during the life of his Chapter 13 plan for purposes of establishing his plan payments." *Id.* at *3, *citing Lanning*, 560 U.S. at 524. The court in *Prieto* then determined that the increase in the debtors' income enabled them to increase their payments to the Trustee by $380.00 a month. *Id.* at *5.

This court therefore cannot agree with Judge Gorman's conclusion that her determination that § 1325(b) does not apply means that there is no authority to increase payments under the plan. This conclusion is at odds with the long list of case law this court has cited and is also contrary to the purpose of Chapter 13 and the BAPCPA. This

15

court agrees with the Trustee that no other court has reached this conclusion and that this conclusion was expressly rejected in *Than*.[3] *See In re Than*, 215 B.R. 430, 436-38 (9th Cir. B.A.P 1997); *see also In re Peebles*, 500 B.R. 270, 276 (Bankr. S.D. Ga. 2013) ("nothing in the disposable income test of § 1325(b) precludes the Trustee's efforts to modify the plan pursuant to § 1329"); *In re Davis*, 439 B.R. 863, 869 (Bankr. N.D. Ill. 2010) (§ 1325(b) does not apply to modification, so the "good faith requirement of § 1325(a) fills the gap" in determining whether modification should be allowed and "results in a procedure free from absurdity, while honoring Congress's decision not to make § 1325(b) part of the procedure"); *In re Kearney*, 439 B.R. 694, 696 (Bankr. E.D. Wis. 2010) (§ 1325(b) does not apply "but the debtor's income and expenses are relevant to a determination whether the modification is being proposed in good faith").

This court agrees with the analysis of the bankruptcy courts in *McAllister* and *Prieto* and the other cases cited. This court agrees that a modification can be allowed under § 1329 if the Debtor has the ability to make increased payments.[4] In fact, Judge

---

[3] The only other case which reached this conclusion is a previous decision by Judge Gorman. *See In re Coay*, 2012 WL 2319100 (Bankr. C.D. Ill. 2012). This court agrees with the Trustee that the fact that this decision was not appealed has no relevance to the merits of this appeal.

[4] This court notes that courts have recognized that the § 1329 process for seeking modification of a Chapter 13 plan "is bolstered by other financial reporting requirements added in BAPCPA, such as Section 521(f)'s requirement that the debtor submit annual tax returns on request to any interested party, allowing those parties to determine if the debtor's financial circumstances have changed sufficiently to justify seeking modification." *In re Slusher*, 359 B.R. 290, 304-05 (Bankr. D. Nev. 2007); *see also In re King*, 439 B.R. 129, 136 (Bankr. S.D. Ill. 2010); *In re Nance*, 371 B.R. 358, 371 (S.D. Ill. 2007). Section 521(f) provides that, at the request of the court, the trustee, or any party in interest in the case, the debtor must file with the court copies of Federal income tax

Gorman recently granted a motion to modify a plan to *decrease* monthly plan payments and recognized that, while § 1325(b) does not apply to a proposed modification, "changes in a debtor's income and expenses which have occurred over the term of a plan may be relevant in evaluating a proposed plan modification for feasibility and good faith." *In re Wills*, 2014 WL 2442275, at *4 (Bankr. C.D. Ill. 2014). This court concludes that there is no reasoned basis to allow a modification to decrease payments but conclude there is no authority to allow a modification to increase payments. This court therefore concludes that it must agree with the Trustee that Judge Gorman erred on the law when she concluded that there was no authority to modify a plan to increase the amount of payments based upon increased income.

This court also finds no support for Judge Gorman's factual finding that the "sketchy facts" presented in this case did not support the requested plan modification. The Stipulation clearly stated that the "Debtor's income has so substantially increased since plan confirmation that modification is warranted if there is legal authority for increasing payments as a result of increased income" and that the "Debtor can afford to make the increased payments proposed by the Trustee." This court has concluded that there is legal authority for increasing payments as a result of increased income.

---

returns with respect to each tax year while the case is pending, as well as annual statements of income and expenditures. 11 U.S.C. § 521(f). This court concludes that Judge Gorman's conclusion that there is no authority to modify a plan under § 1329 based on increased income would render § 521(f) virtually meaningless. There would be no reason to request this financial information if the debtor's Chapter 13 plan could not be modified based upon an increase in income.

17

Therefore, the Stipulation clearly provides an adequate basis for the requested modification. For this reason, this court agrees with the Trustee that Judge Gorman clearly erred as far as her factual findings. This court also agrees that, because there is no dispute as to the facts and the Debtor's ability to pay, Judge Gorman abused her discretion when she denied the Trustee's motion to modify the Debtor's Chapter 13 plan. This court therefore concludes that the Trustee is entitled to the relief requested.

IT IS THEREFORE ORDERED THAT:

(1) The Order of the Bankruptcy Court entered on March 28, 2014, as to Bankruptcy Case No. 11-72448, is reversed.

(2) The Trustee's motion to modify is granted and the amount to be paid to unsecured creditors is increased from $10,589.65 to $16,485.78 as requested in the Trustee's motion to modify Chapter 13 plan. Because payments under the plan were to end in September 2014, the Debtor's Chapter 13 plan is extended to 60 months to allow the Debtor to pay the additional amount on a monthly basis.

ENTERED this 27th day of October, 2014.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE